CLARENCE SCHWERZLER v. H. H. FRANKAMP AND ANOTHER.

95 N. W. (2d) 503.

March 13, 1959—No. 37,619.

*McLeod & Gilmore,* for relators.
*Gislason, Reim, Minium, Alsop & Dosland,* for respondent.

MURPHY, JUSTICE.

This is a review by certiorari of an order of the Industrial Commission affirming the findings of the referee that the respondent employee was entitled to workmen's compensation benefits as a result of injuries which he suffered while in the employ of relator H. H. Frankamp, on October 1, 1956.

From the record it appears that the employer, a contractor, had installed a complete sewer system for the city of Morgan which included the laying of lines in the streets of the city and also the construction of a sewage disposal plant. The employee, Clarence Schwerzler, was hired by Frankamp in the spring of 1955 as a foreman on the job. He was paid a weekly wage of $125. The sewer contract was completed in July or August 1956, after which Schwerzler was kept on as an

employee. At the time the accident occurred, the city had retained $30,000 of the contract price pending acceptance of the work. During this time it was the employee's duty to take care of certain uncompleted details of the job, such as replacing or repairing manhole tops, repairing curbs, removing obstructions in the sewage lines, repairing or replacing pipelines at the sewage disposal plant, and the operation of the disposal plant pending the time it would be taken over by a city employee. Relators' brief describes his duties as taking care of "any breakage that had occurred in connection with the construction project and to take care of any other problems that came up in connection with this project."

For a number of years prior to this employment Schwerzler had been engaged in cement work in and about the city of Morgan. While in the service of the employer, Schwerzler and his son had continued doing cement work on and off for private parties. Schwerzler did this work evenings and on weekends, outside of the regular 40 hours he was putting in for his employer. After the sewer system was installed, certain homeowners who had previously used cesspools determined to hook up with the main sewer in the street. This involved the job of digging down, uncovering the cesspool, and bypassing it with a line so that the sewage would run directly from the home to the main line in the street. Schwerzler was hired by one Ed Brosch to do this work in connection with his home. On September 29 the employee's son and perhaps another man started digging to uncover the cesspool. In the process of doing this work it was found that there was an obstruction in the line installed by Frankamp, the contractor. To remove the obstruction Schwerzler ran a snake or chain into the line and snagged an old cement sack which had been left there by Frankamp's crew and which was the cause of the difficulty. After removing the obstruction, Schwerzler conducted a test by having water and material flushed from the house through the line into the main sewer. As he was bending over the pipe conducting this test, the ditch caved in causing an injury to his right leg. Frankamp was billed for 4 hours of time put in by one Martin Koenig, who was employed by Schwerzler on the Brosch job. The record indicates that there were two other instances of sacks having been left in lines, and in both of these cases Frankamp was billed for

the cost of digging down to the site of the obstruction and removing it.

The question arises under the facts as to whether at the time of the accident Schwerzler was engaged as a private contractor working independently for Brosch in installing a service line from his home to the main sewer or whether, as the commission found, he was working for Frankamp in performing duties in connection with the completion of the sewer project. It is the employer's position that the evidence does not support the commission's decision. He argues that Schwerzler was employed as a "trouble shooter" to take care of any problems arising in connection with the sewer system and that he was not engaged in that capacity at the time the accident occurred. He argues that Schwerzler was working independently in carrying out a contract undertaken for the homeowner Brosch.

While it is obvious from the facts that the question is a close one and the commission might well have found to the contrary, we cannot say that their findings are clearly and manifestly contrary to or without support in the evidence. The rule in this state is clear that "it is the well-established policy of this court, in reviewing the findings of the industrial commission, not to determine whether on the facts the decision of the commission is correct or even preferable to another, but, rather, only to determine whether the findings have sufficient basis of inference reasonably to be drawn from the facts." Jurich v. Cleveland-Cliffs Iron Co. 233 Minn. 108, 111, 46 N. W. (2d) 237, 239; Torrey v. Midland Cooperatives, Inc. 253 Minn. 489, 93 N. W. (2d) 135. We think there is evidence in the record upon which the commission might reasonably have reached the conclusion which it did. While the duties of the employee as indicated by the record are broadly outlined in that he was "to take care of any other problems that came up in connection with this project," it must be admitted that the particular work on which he was engaged when the accident occurred was directly related to the correction of a condition resulting from work performed by the employer. The sack which caused the obstruction was located in a pipe installed by the employer. While the removal of this obstruction was related to the work performed in behalf of the homeowner Brosch, it was nevertheless within the scope of the duties Schwerzler was hired to perform by his employer. It is reasonable to assume that, had Brosch

hired others to make the connection for him, Schwerzler would have been expected to perform the same duties in which he was engaged at the time the accident occurred. It appears from the record that the employer was under obligation to remove the obstruction so that the sewer connection could function properly. At the time of his injury Schwerzler was being paid by Frankamp and was working in a place where he was subjected to a risk connected with his employment. We hold, accordingly, that under the record here there was evidence to reasonably sustain the findings of the commission.

Attorneys fees in the sum of $250 in connection with the proceedings here are allowed to the employee.

Affirmed.