ALYCE A. KRUEGER v. STATE DEPARTMENT
OF HIGHWAYS.

177 N. W. (2d) 393.

May 15, 1970—No. 41952.

*John W. Keeler* and *Daniel B. Gallagher,* for relator.
*Ryan, Ryan & Ebert* and *Thomas J. Ryan,* for respondent.

Heard before Knutson, C. J., and Rogosheske, Sheran, Peterson, and Theodore B. Knudson, JJ.

PER CURIAM.

Respondent is the widow of Ray F. Krueger, a state highway patrolman who died as a result of fatal injuries sustained in a highway collision with a third party. Death occurred in line of duty, and the State of Minnesota was liable under the Workmen's Compensation Act for benefits in the amount of $18,050. Respondent recovered $25,000, by settlement, upon her third-party claim for death by wrongful act. She thereafter initiated a claim against relator, the state, for the proportionate share of her costs and reasonable attorney's fees in making collection from the third party, as provided in Minn. St. 176.061, subd. 6. The Workmen's Compensation Commission awarded her the sum of $6,017.82.

Relator,. upon this review, contends that respondent incurred no attorney's fees whatever or, alternatively, that the amount claimed by her attorneys was unreasonable. The issue is whether the contrary findings of the commission are without adequate evidentiary support.

1. The contention that no attorney's fees were incurred is twofold: First, that respondent had not retained an attorney to represent her in making collection from the third-party tortfeasor and that, in any event, the attorney had not actually performed services for her in collecting upon such claim; second, that any services that were performed were intended to be gratuitous.

It is unnecessary to recite the testimonial evidence supporting and opposing relator's contention that respondent had not retained an attorney or that the attorney had performed no services on her behalf, for such conflict was for the commission to resolve. A stipulation of the parties made before the referee tends to support the commission's finding:

"MR. KEELER [state compensation attorney]: It may be stipulated that Ryan; Ryan and Ebert, Brainerd, Minnesota, represented the petitioner herein in a third party action for recovery in District Court as referred to in paragraph 11 of the stipulation. It may further be stipulated that costs incurred by said attorney and firm of attorneys in that action is in the amount of $3.50."

"THE REFEREE: It may further appear that Don Ryan of the aforesaid firm negotiated and represented the applicant herein for the benefit of herself and said minor children. Further that no action [was] instituted in District Court such as filing of summons, complaint, action, or award of issuance entered. Further, there was no attorneys' retainer written contract signed by the applicant That said attorneys represent and claim that in fact the case was retained on an agreement of thirty-three and one-third per cent of recovery as and for fees, and paid the sum of $3.50 as and for filing fees."

The evidence does not compel a finding that the legal services rendered either were or were not intended to be gratuitous. The claim was not initiated until almost 6 years after the services were performed, within days of the expiration of the statute of limitations.[1] No fee statement had ever been submitted to respondent, nor had she paid any fee. At the time of the district court proceedings to approve settlement in her action for death by wrongful act, the petition drafted by the attor-

[1] See, Krueger v. State Department of Highways, 280 Minn. 223, 158 N. W. (2d) 705.

neys recited no amount as claimed for attorney's services and the whole of the settlement sum was paid to claimant. Nevertheless, it was for the commission to decide whether these circumstances constituted a waiver of a fee or otherwise rebutted the presumption that services performed for a stranger are intended to be compensated. And in assessing that evidence, it was for the commission to determine what weight to give Mr. Ryan's explanation of the delay:

"I was representing a widow with five small children and I simply said to myself right now she needs it more than I do, so we will just let it slide and do nothing for awhile and then I forgot about it."

2. The evidence in support of the substantial attorney's fees awarded in this case is insufficient. The commission made its award on the apparent assumption that the attorneys had been retained on a one-third contingent-fee basis, but the record does not establish an attorney-client agreement to that effect. All that appears is that it was the practice and intention of the attorney to represent the client on that basis. Neither the practice nor the intention was, so far as appears from this record, communicated to the client. The stipulation of the parties, quoted above, reflects only the representation and claim of the attorneys that they had been retained on such contingent-fee basis, which did not relieve them of the burden of establishing it as a matter of fact.

Absent a supported finding of fact that there was a contingent-fee retainer agreement, it will be necessary for respondent to prove the reasonable value of the services rendered. All that appears concerning the nature of the services performed is the following testimony of Mr. Ryan:

"I negotiated with the State Farm Mutual and settled the claim for $25,000. Now, I don't know how much time I spent negotiating. I kept no track of it. In a contingent fee case I never do. I did settle it for $25,000. I had a trustee appointed. I had Mr. Al Krueger, who was the sheriff of Crow Wing County and a brother of Ray Krueger, I had him appointed guardian in order to represent the children in the matter of distribution. Mrs. Krueger was trustee, but Al Krueger was appointed guardian ad litem of the children so as to represent them in the matter of distribution. We had a hearing. It was distributed, all to Mrs. Krueger by the way, and I, without being sure, I assume the draft became payable to me and I endorsed it and gave it to Mrs. Krueger in the amount of $25,000.00." [2]

[2] There is an additional fragment of testimony in the cross-examination of the field claims representative for the insurer, indicating some

542

The matter, therefore, must be remanded for further proceedings to determine the reasonableness of the claimed professional compensation. Reversed and remanded.

MR. JUSTICE FRANK T. GALLAGHER took no part in the consideration or decision of this case.

conversation between him and Mr. Ryan to the effect that the claim would not be settled for anything less than the full amount of $25,000, presumably in view of the clear case of liability. But the extent of this conversation, or whether it even occurred in the course of negotiations, is not clear.