ALYCE A. KRUEGER v. STATE DEPARTMENT
OF HIGHWAYS.

202 N. W. 2d 873.

December 1, 1972—No. 43519.

*John W. Keeler* and *Daniel B. Gallagher,* for relator.
*Ryan, Ryan & Ebert* and *Thomas J. Ryan,* for respondent.

Heard before Knutson, C. J., and Peterson, Murphy, and Schultz, JJ.

PER CURIAM.

On November 29, 1959, Ray F. Krueger, a highway patrolman employed by relator, the State of Minnesota, was fatally injured in a two-vehicle collision caused by the sole negligence of the driver of the other automobile. Respondent, Alyce A. Krueger, his widow, retained Mr. Donald I. Ryan, a Brainerd attorney, to represent her in making a claim against the other driver pursuant to the wrongful death statute. State Farm Mutual Insurance Company, insurer of that driver, acknowledged liability and settled the claim for $25,000, the maximum amount allowable under the limitations then in effect under the statute. Decedent was driving in the course of his employment at the time of the collision, so relator was liable for benefits of $18,050 pursuant to the Workmen's

Compensation Act. Since respondent elected to proceed against the other driver, however, the Workmen's Compensation Commission, pursuant to Minn. St. 1967, § 176.061, subd. 6, awarded respondent an allowance of $6,019.20 for relator's proportionate share of the attorney's fees incurred by respondent in asserting that claim.

A workmen's compensation judge found that respondent had retained her attorney under a contingent-fee agreement of one-third of the sum recovered in settlement of the third-party claim and that the amount payable under the agreement was not unreasonable. The commission, by equally divided vote (one member recused), affirmed. The findings and decision of the judge accordingly became the decision of the commission and will hereafter be so identified. By writ of certiorari, relator seeks review of the commission's finding, contending, as it had before the commission, that there was no such retainer agreement and that, in any event, respondent had failed to prove that the fee was reasonable. We affirm the determination and award of the commission.

We reversed a like award in Krueger v. State Department of Highways, 287 Minn. 539, 177 N. W. 2d 393 (1970), holding that the evidence in the record as it then stood was insufficient to support the award. The evidence there consisted only of the testimony of respondent's counsel that he regularly served in such cases on a contingent-fee basis and his apparent assumption that he had been retained on that basis. We held that this uncommunicated, unilateral intention to represent respondent on that basis did not establish an attorney-client agreement to that effect. We remanded the matter to the commission to determine the reasonableness of the claimed professional compensation, stating (287 Minn. 541, 177 N. W. 2d 395):

"Absent a supported finding of fact that there was a contingent-fee retainer agreement, it will be necessary for respondent to prove the reasonable value of the services rendered."

Upon remand, the record was supplemented by testimony not previously presented. Respondent Alyce Krueger positively testified that she understood, at the time she retained attorney Ryan, that she would be charged a fee for his services and that she knew that the fee would be one-third of whatever was recovered. What previously appeared to be merely a unilateral assumption of the attorney now appears as a bilateral expectation. Robert F. Alderman and S. G. Fitzpatrick, each an attorney experienced in personal injury litigation, testified that it is reasonable and customary to be retained on a one-third contingent-fee basis in personal injury and wrongful death cases irrespective of the nature of liability and, further, that it is not customary to make written

retainer agreements with local clients in their Brainerd area.

We hold that the commission's express finding of fact that respondent and her counsel made a contingent-fee retainer agreement and its implicit finding that the fee, in accordance with the agreement, was reasonable are not without support in the supplemented record. Findings to that effect were not foreclosed by our prior remand to the commission.

The found agreement was one implied in fact, rather than express. Whether there is such an implied contract, as we have held in such cases as Roberge v. Cambridge Co-op. Creamery Co. 248 Minn. 184, 189, 79 N. W. 2d 142, 146 (1956), "is to be determined by the trier of facts as an inference of fact to be drawn from the conduct of the parties." See, also, Balafas v. Balafas, 263 Minn. 267, 273, 117 N. W. 2d 20, 25 (1962); Dusenka v. Dusenka, 221 Minn. 234, 21 N. W. 2d 528 (1946). And much as the circumstances recited in Krueger v. State Department of Highways, 287 Minn. 539, 540, 177 N. W. 2d 393, 394, might diminish the weight of the direct testimony upon which the finding is based, we are constrained to affirm because of the settled rule that the weighing of the evidence and the drawing of inferences are for the commission and that its determination of a fact question will not be disturbed on appeal unless it is manifestly contrary to the evidence. Danussi v. Easy Wash, Inc. 270 Minn. 465, 134 N. W. 2d 138 (1965); Schwerzler v. Frankamp, 255 Minn. 95, 95 N. W. 2d 503 (1959).

The finding of an implied-in-fact agreement rests on the credited testimony that respondent retained her counsel in the knowledge and expectation that she was to pay a fee and that the fee was to be contingent upon the amount of the recovery. A finding that the services were not to be gratuitous is aided by the presumption that services performed by a stranger are intended to be compensated. Although there is no presumption that a fee is to be contingent and in the amount of one-third of a successful recovery, respondent's testimony establishes that she intended to hire her counsel on a contingent-fee basis and that she "knew," presumably from knowledge of the attested prevailing practice in her community, the amount of such contingent fee. Both client and counsel unequivocally asserted their respective understandings of the fee basis upon which the professional service was to be rendered. Performance and acceptance of service in these circumstances could be found to constitute a manifestation by conduct of that mutual assent upon which a contract is implied in fact.

The contingent-fee agreement was not as a matter of law unreasonable. Although the time and effort devoted to the settlement of re-

spondent's claim may not have been extensive or difficult, the compensation judge could find that services were in fact performed and that such services materially contributed to a most favorable result on the client's behalf. The record in this case is not as substantial as that in Holt v. Swenson, 252 Minn. 510, 90 N. W. 2d 724 (1958), significantly involving a fee dispute between client and counsel, but it is at least minimally sufficient. The liability of the insured tortfeasor, to be sure, was undisputed, but the commission could find that the sum of the settlement—the total allowable amount of recovery under the then-existing limitations of the wrongful death statute—was attributable to the participation of experienced counsel with a declared intent to litigate the issues if anything less were offered in settlement by the insurer.

Affirmed.